<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERALD FALZO, et al.<br><br>      Plaintiffs,<br><br>v.<br><br>COUNTY OF ESSEX, et al.<br><br>      Defendants. | Civ. No. 03-1922 (WGB)<br><br><u>O P I N I O N</u> |

<u>Appearances</u>

The Stone Law Group
20 Glenview Drive
Warren, New Jersey 07059

Golden, Rothschild, Spagnola, Lundell,
Levitt & Boylan, P.C.
1011 Route 22 West, Suite 300
P.O. Box 6881
Bridgewater, New Jersey 08807

    Attorneys for Plaintiffs

Genova, Burns, & Vernoia
Joseph M. Hannon, Esq.
354 Eisenhower Parkway
Eisenhower Plaza II
Livingston, New Jersey 07039

    Attorneys for Defendants

**BASSLER, SENIOR DISTRICT JUDGE:**

This case involves a suit for damages instituted by eleven current and former corrections officers ("Plaintiffs") assigned to the K-9 Unit in Essex County, New Jersey. The officers allege that the County of Essex and the Essex County Department of Public Safety, Division of Corrections ("Defendants") failed to pay them for off-duty time they allegedly spent performing activities related to the care and maintenance of their K-9 dogs, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

The question presented to this Court is whether Magistrate Judge Madeline Cox Arleo erred in denying Defendants' Motion to File Counterclaims. After reviewing Judge Arleo's Order and the papers submitted by the parties, the Court concludes that the Magistrate Judge's decision to deny Defendants' motion to file counterclaims in its entirety was neither clearly erroneous nor contrary to law. Accordingly, Judge Arleo's decision is **affirmed**.

## BACKGROUND AND PROCEDURAL HISTORY

Defendants employed Plaintiffs as corrections officers with the K-9 unit for the Essex County Jail and Jail Annex. Plaintiffs cared for, housed, and trained their respective K-9 dogs, while both on- and off-duty. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, Plaintiffs filed a

Complaint against Defendants on April 30, 2003, seeking overtime compensation for time spent off-duty allegedly caring for, training, maintaining, and doing other activities to support the K-9 dogs.  They filed Amended Complaints adding parties on October 7, 2003 and April 28, 2004.  Defendants filed Answers in response to each Complaint.

After an Initial Scheduling Conference on February 25, 2004 before Magistrate Judge Arleo, the parties served interrogatories upon each other and began additional discovery, including deposition testimony.  Defendants took the depositions of the spouses and siblings of the eleven plaintiffs between January 20, 2005 and February 11, 2005.  Defendants are in the process of taking the depositions of Plaintiffs.  The case has a discovery end date of August 1, 2005.

During discovery, Defendants claim that Plaintiffs made certain contradictory statements.  For example, according to Defendants, Plaintiffs alleged in their Complaint that they worked 2.5 hours per day while off-duty performing care-related activities for their K-9 dogs, while in their sworn interrogatory answers Plaintiffs instead asserted they spent 4 to 4.5 hours per day performing care-related activities.  Defendants also argue that five plaintiffs testified they cleaned a dog "run" every day, yet according to testimony given by their families, these plaintiffs did not have a "run" in their yards at home.

Based upon this and other allegedly contradictory testimony, Defendants sought to file an Amended Answer and Counterclaim pursuant to Fed. R. Civ. P. 13(e) and 15(d), asserting counterclaims for fraud, equitable fraud, abuse of process, conspiracy to commit fraud, conspiracy to commit abuse of process, and negligent misrepresentation.  The parties appeared before Judge Arleo on May 10, 2005, to argue Defendants' Motion to File an Amended Answer and Counterclaim.  Judge Arleo denied Defendants' motion in its entirety, concluding that the proposed counterclaims were legally insufficient on their face, and hence were futile.  Defendants now appeal Judge Arleo's May 10, 2005 Order denying their motion to file counterclaims.

## DISCUSSION

### I. Standard of Review

Defendants claim that the proper standard of review in this case is de novo, on the grounds that Judge Arleo's order denying Defendants' motion to file counterclaims was effectively dispositive of those counterclaims.

The standard of review of a magistrate judge's non-dispositive order is set forth at 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Rule 72.1(c)(1)(A) of the Local Rules of the United States District Court for the District of New Jersey. In reviewing a magistrate judge's decision, the Court shall "set aside any portion of the Magistrate Judge's order found to be

clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); see also Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992).

"Under [28 U.S.C. § 636] (b)(1)(A), the standard of review is circumscribed: The district court is bound by the clearly erroneous rule in findings of facts; the phrase 'contrary to law' indicates plenary review as to matters of law." Haines, 975 F.2d at 91. The "clearly erroneous" standard is met "when although there is evidence to support [a decision], the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. Gypsum Co., 333 U.S. 364, 395 (1948); accord Haines, 975 F.2d at 92. The "contrary to law" standard is met "if the magistrate judge has misinterpreted or misapplied the applicable law." Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

Judge Arleo's decision to deny Defendants' motion to file counterclaims was not dispositive of those claims. Motions to amend pleadings are non-dispositive. Miller v. Beneficial Management Corp., 844 F. Supp. 990, 997 (D.N.J. 1993). Furthermore, Judge Arleo held that Defendants' proposed counterclaims[1] were futile, and denied Defendants leave to amend

---

[1] The proposed counterclaims Defendants seek to assert are governed by Fed. R. Civ. P. 15(d), which states that a party may serve a supplemental pleading "setting forth . . . events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) governs these

5

their pleadings on those grounds.[2]  (Def.'s Br. at 15.)  A determination of futility "does not require a determination of the merits," and may only serve as the basis for denial of leave to amend where "the proposed amendment . . . advances a claim that is legally insufficient on its face."  Miller, 844 F. Supp. at 1001 (quoting Harrison Beverage v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990)).  These are precisely the grounds on which Judge Arleo denied Defendants' motion.  (Tr. of Mot. Add Countercl. at 26.)

Thus, Judge Arleo's determination of futility was not a determination on the merits of Defendants' counterclaims.  Accordingly, her decision was not dispositive.  Because Judge Arleo's decision was not dispositive, the "clearly erroneous or contrary to law" standard of review applies, as stated in L. Civ. R. 72.1(c)(1)(A).

**II.  Defendants' Proposed Fraud and Equitable Fraud Counterclaims**

Defendants contend that Plaintiffs' allegedly contradictory responses in discovery proceedings amounted to fraud.  They

---

counterclaims because Defendants contend that information gained during deposition testimony of Plaintiffs' family members contradicts earlier testimony set forth in Plaintiffs' answers to interrogatories.

[2] Leave to amend pleadings shall only be denied when certain "apparent or declared reasons" exist, including "undue delay," "bad faith," "undue prejudice," and "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

assert, among other things, that Plaintiffs made contradictory statements regarding the amount of time they spent caring for the K-9 dogs, and that the testimony of family members failed to corroborate Plaintiffs' testimony as to whether Plaintiffs actually performed the alleged care and maintenance.  (Def.'s Br. at 9, 10.)  They argue that such errors create the reasonable inference that the alleged care and maintenance activities never took place at all, and that as such the Complaint is a "fraud thrust upon this Court."  (Def.'s Br. at 12.)

Judge Arleo determined that Defendants' claims for fraud and equitable fraud were futile.  As stated above, a determination of futility may only serve as the basis for denial of leave to amend where "the proposed amendment . . . advances a claim that is legally insufficient on its face."  Miller, 844 F. Supp. at 1001 (quoting Harrison Beverage v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).  The Court must accept as true the allegations set forth in the counterclaim, and construe those allegations in the light most favorable to the party asserting the counterclaim.  Id.  A court may deny leave when the proposed amendment would not withstand a motion to dismiss.  Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983).

Judge Arleo found that Defendants' proposed fraud counterclaims were futile because Defendants failed to meet the

7

material elements of the claims.  (Tr. of Mot. Add Countercl. at 24.)  In order to plead common law fraud, the pleader must show: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant as to its falsity; (3) an intention for the other person to rely upon it; (4) reasonable reliance by the other party; and (5) resulting damages.  Gennari v. Weichert Realtors, 148 N.J. 582, 681 (1997).  Specifically, Judge Arleo found that Defendants failed to sufficiently plead the reliance element and the damages element. Id.

    The Court finds no error in Judge Arleo's determination that Defendants failed to plead the elements of fraud.  First, as the Magistrate Judge found, Defendants cannot show reliance on Plaintiffs' allegedly fraudulent answers to interrogatories. Defendants, in their responsive pleadings, denied all the allegations in the Complaint (e.g., they denied that any of the alleged care and maintenance activities took place at all). (Def.'s Br. at 18.)  In light of such a position, it is incongruous for Defendants to argue that they have relied to their detriment on Plaintiffs' inconsistent testimony.

    Further, as the Magistrate Judge noted, Averbach v. Rival Mfg. Co., 809 F.2d 1016 (3d Cir. 1987), is distinguishable.  In Averbach, the court recognized a fraud claim where the defendants "purposely or inadvertently failed to disclose material

8

information" in answers to interrogatories, and arguably as a result of that, the plaintiff lost the underlying product liability trial. (Tr. of Mot. Add Countercl. at 23.) In that setting, the reliance is clear -- the plaintiff relied to his detriment on the correctness of the defendant's answers in executing his trial strategy. Here however, Defendants have not materially changed their position in any way in response to the alleged misrepresentations made by Plaintiffs -- Defendants have argued all along that they completely deny that the alleged care and maintenance of the K-9 dogs ever took place. (Def.'s Br. at 18.) Thus, even if the Court agrees that Plaintiffs' answers to interrogatories do in fact contradict other testimony offered by Plaintiffs' families, Defendants have failed to show detrimental reliance on such contradictory testimony.

Defendants also have not sufficiently pled damages caused by Plaintiffs' alleged fraud. Defendants' only asserted damages are the costs associated with the continued defense of this lawsuit. As the Magistrate Judge found, those damages "don't stem from the material misrepresentation in the form of interrogatories and deposition testimony. [Those damages] stem[] from the original pleading in this case, the complaint, which . . . cannot give rise to a fraud claim at this juncture." (Tr. of Mot. Add Countercl. at 24.) Accordingly, even if the facts as alleged by

9

Defendants are true, Defendants' assertion that they were damaged by Plaintiffs' allegedly fraudulent testimony is without merit.[3]

Because Defendants have failed to sufficiently plead the material elements of fraud, Defendant's proposed counterclaims are "legally insufficient on [their] face."  Miller, 844 F. Supp. at 1001.  Accordingly, pursuant to the "futility of amendment" exception to Rule 15(d), Foman, 371 U.S. at 182, the Magistrate Judge was not clearly erroneous, nor acting contrary to law, in denying Defendants' motion to add the proposed fraud counterclaims.

**III. Defendants' Proposed Abuse of Process Counterclaim**

Defendants also appeal the Magistrate Judge's decision to deny their proposed "abuse of process" counterclaim.  Defendants assert that Plaintiffs are seeking compensation for work they never performed, and as such, this de facto amounts to an "ulterior purpose" that is an abuse of the judicial process. (Tr. of Mot. Add Countercl. at 14.)

In order to state a claim for abuse of process, the moving party must show: (1) an ulterior motive; and (2) some further act after issuance of process representing the perversion of the legitimate use of the process.  SBK Catalogue Partnership v.

---

[3] As the Magistrate Judge stated, even if the Court assumes for the sake of argument that Plaintiffs did perjure themselves during discovery, "a false statement by itself, without the reliance and the damage prong[,] doesn't state a cause of action."  (Tr. of Mot. Add Countercl. at 12.)

Orion Pictures Corp., 723 F. Supp. 1053 (D.N.J. 1989); see also Fielder Agency v. Eldan Constr. Corp., 152 N.J.Super. 344, 348, 377 A.2d 1220 (Law Div. 1977).  The Magistrate Judge found that Defendants failed to show the first element, i.e., that the Plaintiffs had a purpose ulterior to the one for which process was designed when they allegedly perjured themselves.  (Tr. of Mot. Add Countercl. at 25.)  As such, the Magistrate Judge denied Defendants' motion under the "futility of amendment" exception to Rule 15(d).

The Court agrees with the Magistrate Judge that Defendants have failed to show an "ulterior motive."  As the Magistrate Judge observed, the purpose of Plaintiffs' action is to obtain overtime pay, and they are using process for precisely that end, not for any "ulterior motive."[4]  (Tr. of Mot. Add Countercl. at 25.)  Defendants do not dispute the extent of the off-duty activities performed, but whether Plaintiffs even performed those off-duty activities at all.  (Def.'s Br. at 18.)  However, such a claim of bad faith does not in and of itself amount to an ulterior purpose; "[b]ad motives or malicious intent leading to the institution of a civil suit are insufficient to support [an abuse of process claim]."  Fielder, 152 N.J. Super. at 348, 377

---

[4] The Court notes the Magistrate Judge's observation that "[t]he claim here is for overtime and their purpose from the time that they filed the complaint was to get compenstaion for overtime."  (Tr. of Mot. Add Countercl. at 14.)

11

A.2d 1220. Defendants have not shown that Plaintiffs have "demonstrably used process . . . solely to coerce or injure" Defendants. Tedards v. Auty, 232 N.J. Super. at 548-49, 557 A.2d 1030 (App.Div. 1989).

Furthermore, as the Magistrate Judge noted, a claim of abuse of process traditionally arises when a party has a "completely separate ulterior motive" that is unrelated to the cause of action in the initial complaint, e.g., instituting a breach of contract action solely to defame a prominent person or a candidate for elected office. (Tr. of Mot. Add Countercl. at 14, 15.) Here, however, the allegedly abusive conduct and the conduct of the initial complaint arise from the same events –- Plaintiffs, in their answers to interrogatories, are seeking to substantiate the allegations made in their complaint.

Finally, the Court notes the Magistrate Judge's observation that to allow a counterclaim to go forth in the middle of litigation, based merely on inconsistencies in the other side's testimony, would "invite defendants to file counterclaims whenever there [are] disparities." (Tr. of Mot. Add Countercl. at 25.) However meritless Defendants believe Plaintiffs' testimony to be, "the law offers other remedies [for these claims]," including highlighting these alleged inconsistencies on cross-examination, asserting an affirmative defense, seeking Rule 11 sanctions, or instituting an entirely new claim at the

12

conclusion of this litigation.  (Tr. of Mot. Add Countercl. at 25.)

Under the evidence submitted and the relevant case law, the Court cannot say that the Magistrate Judge's decision to deny Defendants' motion to add an abuse of process counterclaim was clearly erroneous or contrary to law.  Therefore, the Court affirms the Magistrate Judge's decision to deny this proposed counterclaim as well.

**IV.   Defendants' Proposed Counterclaims Alleging Conspiracy**

The Court also affirms the Magistrate Judge's decision to deny Defendants' proposed counterclaims alleging conspiracy. Defendants argue that the eleven plaintiffs were engaged in a conspiracy on the grounds that their answers to interrogatories were remarkably similar, meeting the standard set forth in Board of Ed. of City of Asbury Park v. Hoek, 66 N.J. Super. 231 (App. Div. 1961), rev'd on other grounds, 38 N.J. 213 (1962).  (Def.'s Br. at 26.)  Asbury Park states that the essential elements of conspiracy are: (1) a combination of two or more persons; (2) a real agreement or confederation with a common design; and (3) existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means.  Asbury Park, 66 N.J. Super. at 241.

However, the threshold question is whether the underlying fraud and abuse of process claims themselves are sustainable.  If those claims fail on their face, then the conspiracy claims must

13

fail as well.  See Brown v. Phillip Morris, 228 F. Supp. 2d 506 (D.N.J. 2002) (holding that civil conspiracy is not an independent cause of action, and conspiracy liability depends on the presence of an underlying finding of tort liability).  As the Magistrate Judge noted, "there's no conspiracy claim if [Defendants fail to] state a cause of action for fraud or abuse of process."  (Tr. of Mot. Add Countercl. at 20.)

Because Defendants, as set forth above, have failed to state a claim for fraud and abuse of process, their conspiracy claims must fail as well.  Accordingly, the Court affirms the Magistrate Judge's denial of Defendants' proposed conspiracy counterclaims.

**V.     Defendants' Proposed Negligent Misrepresentation**

       **Counterclaim**

Finally, Defendants argue that Plaintiffs made negligent misrepresentations when they allegedly submitted incorrect statements in their answers to interrogatories.  (Def.'s Br. at 27.)  A negligent misrepresentation is (1) an incorrect statement that was (2) negligently made, (3) justifiably relied on, and that (4) may be the basis for recovery of damages for economic loss sustained as a consequence of that reliance.  Kaufman v. i-Stat Corp., 165 N.J. 94 (2000) (quoting Rosenblum v. Adler, 93 N.J. 324, 334 (1983)).  The element of reliance is the same for fraud and negligent misrepresentation.  Kaufman, 165 N.J. at 109.

The Court affirms the Magistrate Judge's denial of Defendants' negligent misrepresentation claim on the same grounds that it denied their proposed fraud claims above -- namely, the failure to sufficiently plead the reliance and damages elements of the claim.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's May 10, 2005 Order denying Defendants' Motion to Add Counterclaims is hereby **affirmed.**  An appropriate order follows.


                                                 /s/ William G. Bassler
                                      William G. Bassler, U.S.S.D.J.


DATE: August 30, 2005